**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VERDELL MATHIS and
ELEANOR L. MATHIS,

    Plaintiffs,

vs.                                      Case No. 13-10695
                                          Hon. Lawrence P. Zatkoff

NATIONSTAR MORTGAGE LLC,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, GMAC MORTGAGE, LLC,
and GMAC INSURANCE MANAGEMENT
CORPORATION,

    Defendants.
_____/

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunctive Relief (Docket #2), filed on February 18, 2013, and received by the Court on February 19, 2013. The purpose for Plaintiffs' motion is to ensure that defendants take no action to dispose of Plaintiff's property in Southfield, Michigan (the "Property"), to the extent that such disposal would cause irreparable harm to Plaintiffs. The Court notes that, following Plaintiffs' default on its mortgage on the Property, one or more of the defendants obtained a foreclosure on the Property and a sheriff's sale was held. The applicable six-month redemption period under Michigan law expires at the end of today, February 21, 2013.

## II. LEGAL STANDARD

A court is to consider the following four factors in determining whether a plaintiff is entitled to a temporary restraining order or other preliminary injunctive relief:

(1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the movant has shown that he or she would suffer irreparable harm if the preliminary relief is not issued;

(3) whether the issuance of a preliminary injunction will not cause substantial harm to third parties; and

(4) whether the public interest would be served by the issuance of a preliminary injunction.

*Sandison v. Michigan High School Athletic Association, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995); *UASCO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 98 (6th Cir. 1982); *Mason County Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). The standard for preliminary injunction is not a rigid and comprehensive test, and the four factors are to be balanced, not prerequisites that must be satisfied, but instead "these factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.* 963 F.2d 855, 859 (6th Cir. 1992).

## III. ANALYSIS

No defendant has answered Plaintiffs' Complaint or filed a response to the Motion for Temporary Restraining Order (in fact, the Court is not aware that any defendant has received a copy of the Complaint or the Motion for Temporary Restraining Order). The Court has, however, received an email from legal counsel for Defendant Nationstar Mortgage LLC, the defendant that

allegedly obtained the foreclosure, facilitated the sheriff's sale and would take further action to dispose of the Property. That email states, in relevant part:

> It is our understanding that the plaintiff in this case has asked for a temporary restraining order in connection with the property. ... [A]lthough the redemption period following the mortgage foreclosure sale for this property is schedule to expire tomorrow, 2/21/13, we will put a temporary hold on the file and we will not act until we have a chance to review the complaint, once received.

Based on that email from legal counsel for Defendant Nationstar Mortgage LLC, the Court concludes that there is no danger of irreparable harm to Plaintiffs, insofar as defendants will not dispose of the Property by the end of the day today, February 21, 2013, as Plaintiffs alleged. As such, Plaintiffs' Motion for Temporary Restraining Order must be denied.

The Court notes that this is the second motion for temporary restraining order that Plaintiffs have filed regarding the disposal of the Property. More significantly, the Court notes that even though Plaintiffs have had the same legal counsel for nearly the past year, including six months ago when the sheriff's sale occurred, Plaintiffs did not file anything in any court between the date of the sheriff's sale (August 21, 2012) and February 18, 2013. Based on the timing the Motion itself and the reasons set forth in the opinion dismissing Plaintiffs' prior legal proceeding related to the Property (filed June 18, 2012 by the Honorable Leo Bowman, Oakland County Circuit Judge), it appears to the Court that the Motion for Temporary Restraining Order recently filed in this Court may be nothing more than a delay tactic to stall the ultimate disposal of the Property. As such, the Court intends to resolve Plaintiffs' case in as expedient a manner as the Court's docket permits.

## IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Docket #2) is DENIED. The Court FURTHER ORDERS that Plaintiffs immediately notify the Court upon service of the Complaint and the Motion for Temporary Restraining Order and Preliminary Injunctive Relief upon all defendants so that this Court may address the matters herein as expediently as the Court's docket schedule permits.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2013